Vol 11 F233
Stewart
Paper No. 8

FOR PUBLICATION IN FULL

## U. S. DEPARTMENT OF COMMERCE
## PATENT AND TRADEMARK OFFICE

---

Mid-States Distributing Company, Inc.
v.
Morrison Oil Co.

---

Concurrent Use No. 701

---

Haugen and Nikolai, P.A. and Orrin M. Haugen, Thomas J. Nikolai, Frederick W. Niebuhr and James T. Nikolai for Mid-States Distributing Company, Inc.

Morrison Oil Co., pro se.

---

Before Sams, Rooney and Quinn, Members.

Opinion by Rooney, Member:

Mid-States Distributing Company, Inc. (Mid-States) has applied for a concurrent use registration[1] naming Morrison Oil Co. (Morrison) as an exception to its exclusive right to use the mark DUREX for antifreeze for motor vehicles.

The parties were previously involved in another concurrent use proceeding and in the interest of clarity, we will begin there.

---

[1] Ser. No. 593,987 filed April 17, 1986 claiming use since June 1, 1953.

Mid-States applied on July 5, 1963 to register DUREX for antifreeze for motor vehicles naming Morrison, then owner of a geographically unrestricted registration for the same mark and goods, as an exception to its exclusive right to use and claiming the states of North Dakota, South Dakota, Iowa, Minnesota, Nebraska, Wisconsin, Colorado, Kansas, Illinois, Michigan, Oklahoma, Texas, Indiana, Ohio and Missouri.[2] Concurrent use proceeding No. 270 was set up between Mid-States' application and Morrison's registration.[3]

The parties in that proceeding filed a stipulation setting forth, inter alia, the geographical restrictions to which they had agreed; the Board found there was no likelihood of confusion in both parties' use of the mark in the manner set forth in the stipulation; and Mid-States was subsequently issued Regn. No. 790,571 for the named states with the exception of Missouri[4] and Morrison's registration, No. 725,508, was restricted to the remainder of the United States.

_____

[2] Ser. No. 172,509 filed July 5, 1963 claiming use as of June 1, 1953.

[3] Regn. No. 725,508 filed January 23, 1961 and issued December 26, 1961 claiming use since September 1954.

[4] Mid-States had not used the mark in Missouri before Morrison's registration issued and the Board's practice prior to the decision in In re Beatrice Foods Co. 429 F2d 466, 166 USPQ 431 (CCPA 1970) was to require an applicant for a concurrent use registration to prove use in every state claimed in its application prior to the earliest of the filing dates of the applications or registrations, if any, owned by another party or parties to the proceeding. In Beatrice, the court held that this practice constituted error.

Morrison's registration (No. 725,508) expired for failure to renew and a new application for the same mark and goods was filed on September 22, 1982 naming Mid-States as an exception to Morrison's exclusive right to use the mark DUREX and claiming the entire United States except the states of North Dakota, South Dakota, Iowa, Minnesota, Nebraska, Wisconsin, Colorado, Kansas, Illinois, Michigan, Oklahoma, Texas, Indiana and Ohio. Concurrent Use Registration No. 1,304,476 was issued to Morrison on November 13, 1984.[5]

Mid-States' registration, No. 790,571, expired shortly thereafter and Mid-States filed another application for the same mark and goods, Ser. No. 593,987, on April 17, 1986, now claiming as its territory, in addition to the states in its earlier registration, the states of North Carolina, Pennsylvania, Arkansas, Kentucky, Georgia, Tennessee and Missouri, naming Morrison as the exception to its right to exclusive use. This concurrent use proceeding with Morrison's second registration, No. 1,304,476, ensued.

Although there is no requirement therefor, Mid-States filed a statement in response to the notification of institution of this proceeding reciting its use since 1953 of the mark DUREX for antifreeze for motor vehicles, its previous application for registration and its involvement in Concurrent Use No. 270.

---

[5] There is no indication that a concurrent use proceeding was held to determine Morrison's area of use at that time. It appears, rather, that the registration was issued on the strength of the decision in Concurrent Use No. 270.

In addition to the foregoing, Mid-States asserted in its statement, that in 1964 the parties to Concurrent Use No. 270 entered into an agreement (Exhibit A to the statement). That agreement provides, in pertinent part, that:

> Whereas, it appears that both parties are entitled to concurrently use the mark in the states of Montana and Wyoming;
> ...
>
> (1) Morrison recognizes Mid-States right to use the mark DUREX and agrees that it will not in any way interfere with use of the mark on antifreeze by Mid-States or its distributors or member stores in the states of North Dakota, South Dakota, Iowa, Minnesota, Nebraska, Wisconsin, Colorado, Kansas, Illinois, Michigan, Oklahoma, Texas, Indiana, Ohio or Missouri.
>
> (2) Mid-States recognizes Morrison's right to use the mark DUREX, and agrees that it will not in any way interfere with use of the mark on antifreeze by Morrison or its distributors or customers in the United States exclusive of the states listed in Paragraph 1 hereof.
>
> (3) It is further expressly agreed by the parties, notwithstanding the provisions of Paragraphs 1 and 2 hereof, that neither party will interfere with use of the mark by the other party in Montana and Wyoming as long as the use by said other party in the state concerned is not abandoned.[6]

---

[6] Concurrent Use No. 270 was instituted on April 30, 1964 and was concluded on April 8, 1965 with the Commissioner's Order restricting Morrison's registration, No. 725,508. Although Mid-States has indicated that the above-noted agreement was entered in connection with that concurrent use proceeding, there is no evidence in the file of that proceeding that the agreement was ever made of record therein. Rather, the parties filed the previously mentioned stipulation, apparently based on said agreement, which set forth the parties' division of states and their belief that "...confusion, mistake or deception is not likely to result from continued use as a trademark of DUREX by both parties on anti-freeze for motor vehicles." There was no specific mention in the stipulation or anywhere else in that file of concurrent use within the states of Montana and Wyoming.

Mid-States notes, additionally, that in a letter of January 10, 1973, (Exhibit B to the statement) Morrison was requested to consent to an extension of Mid-States' use of the mark to Arkansas, Kentucky, Georgia and Tennessee, which request was consented to by J. E. Morrison on behalf of Morrison.

Mid-States takes the position, in effect, that Morrison's claim to all of the states other than those named in Mid-States' earlier registration, i.e., North Dakota, South Dakota, Iowa, Minnesota, Nebraska, Wisconsin, Colorado, Kansas, Illinois, Michigan, Oklahoma, Texas, Indiana and Ohio, is too inclusive. Morrison's claim to the states of Missouri, Montana and Wyoming is assertedly contrary to the 1964 agreement and its claim to Arkansas, Kentucky, Georgia and Tennessee is assertedly contrary to the January 1973 consent of Morrison to Mid-States' extension of its use to those states. Mid-States claims in its statement that since prior to September 22, 1982 (the filing date of Morrison's latest application to register, now Regn. No. 1,304,476) it has continuously used the mark DUREX in Missouri, Montana, Wyoming, Arkansas and Kentucky and with reliance based upon the consent agreement of January 1973 has taken steps to use the mark in Georgia and Tennessee. Mid-States requests that a concurrent use registration issue to it for all of the states which it has claimed and that Morrison's registration be restricted consistent with the requested concurrent use registration and with Mid-States' right to use the mark DUREX in Montana and Wyoming.

5

Mid-States has taken testimony and has filed a brief on the case. There has been no communication from Morrison.

The testimony deposition of Carl P. Wolander, Chief Operating Officer for applicant, establishes use by applicant of the mark DUREX on antifreeze in Kinston, North Carolina as of August 18, 1986 and in Lancaster, Pennsylvania as of August 29, 1985 and that use in those states has been continuous since those dates. The November 1964 agreement and the January 1973 consent to expansion were introduced during Mr. Wolander's testimony and he testified with respect thereto that there has been no change in the circumstances or in the understanding with Morrison Oil with respect to the trademark DUREX.

Under Section 2(d) of the Trademark Act, concurrent registrations may be issued to such persons as have become entitled to use their involved marks as a result of their concurrent lawful use in commerce under certain stated conditions and when it has been determined that confusion, mistake or deception is not likely to result from such continued use. The burden in a concurrent use proceeding is on the party seeking a concurrent use registration to establish facts to show its concurrent use of the mark and to show that there is no likelihood of confusion from such concurrent use.

Morrison's agreement with Mid-States and its consent to expansion indicates the belief of these parties that confusion is not likely to occur from Mid-States' use in the states named in Mid-States' prior registration as well as the states of Missouri, Arkansas, Kentucky, Georgia and Tennessee. The parties' prior co-

6

existing registrations and the long years of concurrent use support that conclusion. In addition, the clear message of the case law is that agreements between parties who are in a position to assess the effect of their uses should be given great weight. See Amalgamated Trust & Savings Bank, 842 F.2d 1270  6 USPQ2d 1305 (Fed. Cir. 1988); Bongrain International (American) Corp. v. Delice de France Inc. 811 F.2d 1479, 1 USPQ2d 1775 (Fed. Cir. 1987) and In re Beatrice Foods Co., 429 F.2d 466, 166 USPQ 431 (CCPA 1970). Based on the foregoing, a concurrent registration should issue to Mid-States. However, we have been seriously perplexed by the references in the 1964 agreement to concurrent use by the parties in Wyoming and Montana. The reason this disturbs us is that case law indicates that concurrent registrations should not be issued where there is overlapping use by the parties (See Central West Oil Corporation v. Continental Oil Company, 135 USPQ 469 (TTAB 1962); In re The Place For Vision, 196 USPQ 266 (TTAB 1977); and Gray v. Dan Bargaintown, 229 USPQ 474 (TTAB 1986) and cases cited therein) and the agreement raises questions in that regard.

Whether or not there is such overlapping use is not at all clear from the agreement. While it is stated therein that "it appears that both parties are entitled to concurrently use the mark" in Wyoming and Montana and that neither party will interfere with the other's use therein, it has not been unequivocally established that both parties are, in fact, using the mark in those states. When asked to verify the area and extent of its use during the prosecution of Concurrent Use No. 270, Mid-States did not claim to have used the mark in Montana and Wyoming.

7

Considering the statement filed by Mid-States in this proceeding, it appears that Mid-States has now been using the mark in those states at least from a date prior to the filing date of Morrison's most recent application for registration. However, we have heard nothing from Morrison as to the actual area of its own use (Morrison having offered no evidence whatsoever during the trial of this case) or, what, if any, position it may take with respect to the issuance of a concurrent registration to Mid-States.[7] In the absence of any clear evidence of overlapping use, there is no justification for refusing to issue a concurrent registration to Mid-States for the states requested with the exception of Pennsylvania and North Carolina.[8]

Although Mid-States has used DUREX in Montana and Wyoming since prior to September 22, 1982, it has not requested that those states be included in its registration. However, in view of that use and considering also the ambiguities we have noted in the parties' 1964 agreement, we do not believe that those states should remain in Morrison's registration.

---

[7] It is noted that Morrison was not required to file an answer to the notice of a concurrent use proceeding. See Trademark Rule 2.99(d)(2).

[8] Mid-States' request to include Pennsylvania and North Carolina is denied since use was commenced in those states after issuance of Morrison's present registration which includes North Carolina and Pennsylvania. Nothing in either the 1964 agreement or the 1973 consent to expansion provides for Mid-States' expansion into those states. Under these circumstances, Mid-States' use in North Carolina and Pennsylvania does not appear to have been the result of a good faith expansion.

8

Bearing this in mind and noting that, although it is preferable to provide for nationwide coverage where possible, the Office is not required to issue registrations covering all sections of the United States in all circumstances, (See <u>Beatrice Foods</u>, supra) it is our opinion that neither party's registration should include the states of Montana and Wyoming.

Decision:

Mid-States is entitled to a registration for the states of North Dakota, South Dakota, Iowa, Minnesota, Nebraska, Wisconsin, Colorado, Kansas, Illinois, Michigan, Oklahoma, Texas, Indiana, Ohio, Missouri, Arkansas, Kentucky, Georgia and Tennessee.

Morrison's registration will be further restricted to reflect its right to use in the entire United States with the exception of those states to be included in Mid-States' registration and the states of Montana and Wyoming.

J. D. Sams

L. E. Rooney

T. J. Quinn
Members, Trademark
Trial and Appeal Board

**MAR 0 3 1989**